Baldwin, J,
delivered the opinion of the Court.
By the true construction of the deed of the 10th of August 1813, from John Hogue and Hannah his wife, to the trustees Francis Smith, Andrew Russell and James White; Betty Havely, in the event which has happened, of her surviving her husband Jacob Havely, became entitled to an equitable estate in fee in the property thereby conveyed to said trustees, and the right to tíall upon them for a conveyance of the legal title thereto.
By the last will and testament of said Betty Havely, her said equitable estate became vested in her daughter, Elizabeth Trick, the female appellant, there being neither proof nor averment that she forfeited the benefit of the devise to her by changing her home during the life of the testatrix.
*196 By the contract evidenced by the deed of the 1st of May 1837, from the appellants Irick and wife, to the executors of John H. Fulton deceased, made under the belief of the parties, that the said Elizabeth Irick was entitled only to an undivided interest or share in said property, as one of the children and heirs of said Betty Havely, the parties only sold and purchased, and only intended to sell and purchase, such undivided interest: and consequently neither said Fulton’s ex’ors, nor the purchasers under them have acquired the said Elizabeth Trick’s right to a greater extent than such undivided interest ; nor are there any circumstances in the case to preclude the appellants from asserting and recovering so much of their right to said property as was not embraced in their said sale to said Fulton’s ex’ors.
Such recovery by the appellants would leave to the purchasers under Fulton’s ex’ors an inconsiderable undivided interest in said property, and ought to lead to a rescission of the said contract between the appellants and said Fulton’s ex’ors, the same having been made by the parties thereto under the mutual mistake that the other children and heirs of said Betty Havely were entitled to undivided interests in said property, and that the same had been acquired by said Fulton’s purchases from them.
The appellants ought to recover the whole of said property, and a deed of conveyance of the legal title' thereto be made by said trustees to the female appellant. And the purchase money paid by Fulton’s ex’ors to the appellants ought to be refunded with interest thereupon from the filing of the bill. The appellants ought moreover to recover the rents and profits of said property from the parties who received the same, but only from the time of filing their bill, there not appearing to have been any previous demand for the surrender of said property, and the possession thereof having been held by said Fulton’s ex’ors, and the purchasers under them, with the assent of the appellants, until the discovery by *197 them of the true state of the title. And the appellants t . _ . ought to be required to account to the proper person or persons for any permanent improvements made upon the property, during the existence of the mistake in regard to the title: provided the amount thereof shall not exceed the rents and profits which shall be ascertained to be doe to the appellants.
The Court is therefore of opinion, that the said decree of the said Circuit Court, dismissing the bill of the appellants is erroneous: it is therefore adjudged, ordered and decreed, that the same be reversed and annulled, with costs to the appellants. And the cause is remanded to the said Circuit Court, to be there further proceeded in according to the principles above declared, and in the further proceedings the proper accounts are to be taken between the parties.